**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SKY ENTERPRISES, LLC, a foreign corporation,

    Plaintiff,

v.                                          Case No. 3:16-cv-916-J-32PDB

OFFSHORE DESIGN & DRILLING
SERVICES, LLC, a foreign corporation,
OFFSHORE BROKERAGE
INTERNATIONAL, LLC, a foreign
corporation, GEORGE CAMMACK,
and PHILIP ALDRIDGE,

    Defendants.

## O R D E R

Nigerian entity Specialty Drilling Fluids, Ltd. engaged Plaintiff Sky Enterprises, LLC to manage the logistical and financing aspects of an oil rig upgrade in the United States. In 2015, Sky hired Defendants Offshore Design & Drilling Services, LLC ("ODDS"), Offshore Brokerage International, LLC ("OBI"), George Cammack, and Philip Aldridge (collectively, "Defendants") to serve as project managers of the oil rig upgrade construction project, which was to take place in Louisiana. (Compl., Doc. 2 ¶¶ 12-13). In the summer of 2015, Sky discovered that Defendants were allegedly perpetrating a "kickback scheme," in which they inflated quotes and invoices and had vendors remit payment to Defendants. (Id. ¶ 29). As a result, on April 12, 2016, Sky filed a 23-count complaint in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, alleging breach of

contract, various fraud claims, conversion, civil theft, FDUTPA violations, civil conspiracy, and unjust enrichment. Defendants removed the case pursuant to 28 U.S.C. § 1332(a) on July 18, 2016. (Doc. 1).

On July 25, 2016, Defendants, all Texas residents, moved to dismiss Sky's case for lack of personal jurisdiction, insufficient service/process, or improper venue. (Doc. 5). Sky, a Delaware limited liability company that is authorized to and conducts business in Florida (Doc. 2 ¶ 2), moved to conduct jurisdictional discovery (Doc. 6), which the Court allowed (Doc. 16). On August 10, 2016, Sky filed a response to the motion to dismiss (Doc. 8), and, on November 30, 2016, supplemented that response (Doc. 17). On January 4, 2017, Defendants filed a reply. (Doc. 20).

"In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action."[1] PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808 (11th Cir. 2010) (internal quotations omitted) (quoting Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)); see also 8100 R.R. Ave. Realty Trust v. R.W. Tansill Constr. Co., 638 So.2d 149, 151 (Fla. Dist. Ct. App. 1994) (explaining that where the sole basis of jurisdiction is the commission of a tort in Florida, the court must necessarily determine whether the complaint states a cause of action in order to determine jurisdiction).

---

[1] In response to Defendants' motion to dismiss, Sky conceded that it did not have evidence at that time to demonstrate a basis for general jurisdiction (Doc. 8 at 9), and it does not appear to assert that general jurisdiction exists in its supplemental response. (Doc. 17).

While Defendants primarily argue that the Court lacks personal jurisdiction here, they also argue that Sky failed to allege fraud or fraud in the inducement with sufficient particularity under Rule 9(b), Fed. R. Civ. P. (Doc. 5 at 14). The Court agrees. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the "particularity" standard, the Eleventh Circuit generally requires that a complaint identify: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gains by the alleged fraud. W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). Further, Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud. Id.

Under this well-established, heightened pleading standard, the complaint fails to allege fraud with sufficient particularity. While Sky generally alleges in paragraphs 1-40 that Defendants perpetrated a kickback scheme and provides some details regarding how Defendants carried out their plot, Sky does not adequately specify the misrepresentations, the documents or particular circumstances in which those statements were made, or the time and place of those statements. In addition, because they contain almost no specific facts supporting each count and merely incorporate the general allegations by reference, it appears as though the fraud and misrepresentation claims are redundant. See In re Palm Beach Fin. Partners, L.P., 517 B.R. 310, 336

(Bankr. S.D. Fla. 2013) ("Fraud and fraudulent misrepresentation refer to the same cause of action—common law fraud."). In fact, it appears as if Sky is, at times, trying to plead a fraudulent concealment claim, but has failed to state as much or satisfy Rule 8 if that is the case. Given these pleading failures, all of the fraud counts are due to be dismissed.[2]

Similarly, Sky's remaining counts contain conclusory allegations, unsupported by sufficient facts to meet basic federal pleading standards. For example, Sky alleges breach of contract in Count II, but fails to specify what provisions of the contract Defendants breached, instead stating in a conclusory manner, that Defendants breached the terms of the contractual agreement by participating in the kickback scheme. (Doc. 2, ¶¶ 41-45). In Counts VII, XV, and XXI, Sky alleges FDUTPA claims without even providing the statute's full name or citing to the section of the Florida statutes under which its claim arises. Each paragraph under the FDUTPA counts contains conclusory allegations, such as "ODS' creation, formation and participation in the Kickback Scheme consisted of deceptive and unfair trade practices." (Id. ¶¶ 77-79). Though the Court declines to delineate similar failures for every one of Sky's many claims, each of Sky's remaining counts contain similar conclusory allegations and are due to be dismissed.

Despite the foregoing discussion of pleading standards, the Court is mindful that this case is before it on a motion to dismiss for lack of personal jurisdiction. It is

---

[2] While not every specific scenario need be pleaded, more specificity is required so the Court can determine whether fraud has been adequately alleged.

4

possible that the Court has personal jurisdiction over Defendants, but the Court cannot determine as much based on the manner in which Sky's complaint has been pled. Although the Court does not opine at this time on whether Sky has met its burden to prove personal jurisdiction, it will provide some direction for the parties going forward, should Defendants file another motion to dismiss. First, the parties should not number the paragraphs in their memoranda. Next, given this opportunity to amend, Sky should incorporate additional jurisdictional allegations and supporting facts in the amended complaint, including which provisions of the long-arm statute upon which it relies. Should Sky find itself responding to another motion to dismiss for lack of personal jurisdiction, Sky must specify which provisions of the Florida long-arm statute, Fla. Stat. § 48.193, and which theories of due process allegedly provide the Court with jurisdiction, which contacts or other evidence support Sky's case, and what case law applies.[3] In its supplemental response, Sky appears to assert that a provision of the long-arm statute that it did not assert in its first response now applies, but never states as much. The supplemental response contains no citations to case law supporting Sky's arguments; in addition, Sky never clarified whether it was arguing that general jurisdiction under the long-arm statute now applies based on its additional discovery. It is also arguable that Sky did not respond to Defendants' arguments that they conflated contract and tort contacts, that the corporate shield

---

[3] To the extent it applies to possible motions and reply briefing on personal jurisdiction, Defendants should follow this direction as well.

5

doctrine applies, or that they failed to argue why the Court has jurisdiction over each defendant for each of the 23 counts.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' motion to dismiss (Doc. 5) is **GRANTED** for the reasons stated herein.

2. Plaintiff Sky Enterprises, LLC's complaint (Doc. 2) is **DISMISSED without prejudice**.[4]

3. Sky shall file an amended complaint by **February 27, 2017**.

4. Defendants shall file an answer or motion to dismiss the amended complaint by **March 20, 2017**.

5. If a motion to dismiss is filed, Sky shall file a response by **April 10, 2017**.

---

[4] In repleading, Sky should consider whether it can eliminate some counts as redundant or unnecessary. If Sky decides to replead all counts in its amended complaint, Sky shall also consider whether it is necessary to file separate counts for each individual defendant, as opposed to consolidating them and stating, for example, one count of civil theft as to some or all defendants, for the purposes of conciseness. Such consideration should be given to all potential claims.

Sky should delete what appear to be internal notes from its complaint, such as "[OMIT PARAGRAPHS ALLEGING CONTRACT]" in future filings. (Doc. 2 ¶ 143).

6. Discovery on the merits of the claims and any other defenses remains **STAYED** pending the Court's entry of a case management and scheduling order.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of February, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record