# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SKY ENTERPRISES, LLC, a foreign corporation,

    Plaintiff,

v.

Case No. 3:16-cv-916-J-32PDB

OFFSHORE DESIGN & DRILLING SERVICES, LLC, a foreign corporation, OFFSHORE BROKERAGE INTERNATIONAL, LLC, a foreign corporation, GEORGE CAMMACK, and PHILIP ALDRIDGE,

    Defendants.

---

## **O R D E R**

This case is before the Court on Plaintiff/Counterclaim Defendant Sky Enterprises, LLC's Motion to Dismiss Count III and Count IV of Counterclaim. (Doc. 42). Count III of Defendants' Counterclaim requests attorneys' fees under FDUTPA, (Doc. 38 at 25 ¶¶ 13-14), and Count IV requests ODDS' attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code because this is a suit on a contract, (Id. ¶¶ 15-16).

Plaintiff argues that the Court should dismiss these counts under Rule 12(b)(6), Fed. R. Civ. P., as: (1) there is no independent claim for attorneys' fees under FDUTPA, and regardless, Count V of Defendants' Answer already requests attorneys' fees if they

prevail on the FDUTPA claim; and (2) there is no basis to assert a claim for attorneys' fees based on a procedural mechanism under Texas law. (Doc. 42).

As other courts in the Middle District of Florida have noted:

> The problem here is that Defendant labeled its request for attorney's fees as a counterclaim rather than simply demanding it as relief. "[U]nless otherwise specified by statute, a request for an award of attorneys' fees is 'simply a demand for a particular remedy' rather than an independent cause of action."

Benhassine v. Star Taxi, Inc., No. 612CV1508ORL37GJK, 2014 WL 12628588, at *2 (M.D. Fla. Mar. 10, 2014) (quoting United States ex rel. Chabot v. Westgate Homes, Inc., No. 6:06–cv–1534–Orl–19KRS, 2008 WL 360785, at *2 (M.D. Fla. Feb. 8, 2008)). Such is the case here. Accordingly, Defendants' counterclaims are due to be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. However, because the demands for fees were appropriately raised in the Answer, the Court will follow Benhassine and grant Defendants leave to amend the Answer to demand attorney's fees as relief without doing so through a counterclaim.[1] Id. at *2.

Accordingly, it is hereby

**ORDERED:**

---

[1] As to the request for fees under FDUTPA, Defendants have already raised that request in Count V of their Answer, and thus, that counterclaim is redundant. (Doc. 38 at 12). Defendants need not replead that request for fees in an amended answer.

Defendants assert that ODDS will be entitled to attorneys' fees should it prevail on Plaintiff's breach of contract claim. Rather than pleading the request as an independent counterclaim, Defendants should request that relief in its Answer to Plaintiff's breach of contract claim.

2

1. Plaintiff/Counterclaim Defendant Sky Enterprises, LLC's Motion to Dismiss Count III and Count IV of Counterclaim (Doc. 42) is **GRANTED**.

2. Defendants' Counterclaim Counts III and IV (Doc. 38 at 25-26 ¶¶ 13-16) are **DISMISSED**. The remainder of Defendants' Answer stands.

3. Defendants shall file an Amended Answer that includes demands for attorney's fees that comport with this Order by **June 29, 2018**.

**DONE AND ORDERED** in Jacksonville, Florida the 4th day of June, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record